UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GREGORIO JAVIER RUIZ,

    Plaintiff,

v.                                                          Case No: 6:17-cv-931-Orl-18TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of Defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying his claim for disability insurance benefits under the Act. Upon review, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

### Background[1]

On March 14, 2013, Plaintiff filed an application for disability insurance benefits, alleging disability commencing on June 21, 2011 due to sleep apnea (Tr. 207). His claim was denied initially and on reconsideration (Tr. 102-104; 112-116), and he requested and received a hearing before an administrative law judge ("ALJ") (Tr. 117, 46-70). On March 14, 2016, the ALJ found Plaintiff not disabled and issued his unfavorable decision (Tr. 21-45). The Appeals Council denied Plaintiff's request for review (Tr. 1-9), making the ALJ's

---

[1] The information in this section comes from the parties' joint memorandum (Doc. 18).

March 2016 decision the final decision of the Commissioner. Plaintiff brings this action after exhausting his available administrative remedies. This dispute has been fully briefed, and was referred to me for a report and recommendation.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process appearing in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner to prove that other jobs exist in the national economy that the claimant can perform. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

In this case, the ALJ performed the required sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date through his date last insured of December 31, 2014 (Tr. 29). At step two, the ALJ determined that Plaintiff suffered from the severe impairments of other disorder of gastrointestinal system, sleep-related breathing disorders, diabetes mellitus, asthma, degenerative disc disease disorder of the back-discogenic and degenerative, and obesity severe in combination (20 CFR 404.1520(c)) (Tr. 29). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P,

Appendix 1 (Tr. 30). Next, the ALJ decided that through his date last insured Plaintiff had the residual functional capacity[2] to perform

> light work as defined in 20 CFR 404.1567(b), except he can occasionally climb ramps and stairs and never climb ladders and scaffolds; he can occasionally balance, stoop, kneel, crouch and crawl; he can never be around unprotected heights or moving mechanical parts, or operate a motor vehicle; he can never be exposed to excessive dust, odors, fumes and pulmonary irritants; and he is limited to performing simple, routine tasks, and making simple work-related decisions.

(Tr. 31).

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work (Tr. 39).[3] Based on the testimony of a vocational expert ("VE"), the ALJ concluded at step five that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform (Tr. 40). As a result, the ALJ found that Plaintiff was not under a disability at any time from his June 21, 2011 alleged onset date, through December 31, 2014, his date last insured (Tr. 41).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).

---

[2] The residual functional capacity is an assessment based on all relevant evidence of the most a claimant can do in a work setting despite any limitations that may result from his impairments. See 20 C.F.R. § 404.945(a)(1); Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

[3] On the date last insured, Plaintiff was forty years old, with a high school education and past relevant work as a diesel mechanic, automobile wrecker and automobile mechanic. (Tr. 39, 52-53, 208).

Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

Plaintiff raises two objections to the Commissioner's decision. Upon close review, I find neither to be persuasive.

### Reliance on the testimony of the VE

The ALJ relied on the testimony of a vocational expert in reaching a conclusion at step five of the sequential evaluation that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform (Tr. 40). "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). Plaintiff concedes that the ALJ posed a hypothetical

question to the VE which included the limitations found in the residual functional capacity assessment. Nonetheless, Plaintiff argues that the ALJ improperly relied on the VE's testimony because the VE testified that the jobs enumerated would be reduced due to Plaintiff's lack of command of the English language, and the ALJ failed to obtain any numbers regarding the reduction.

The ALJ found, and neither party disputes, that Plaintiff is not able to communicate in English, and is considered in the same way as an individual who is illiterate in English (Tr. 40, citing 20 CFR 404.1564). The cited regulation provides for consideration of a claimant's proficiency with English, as an educational factor: "The term education also includes how well you are able to communicate in English since this ability is often acquired or improved by education." 20 C.F.R. § 404.1564(B). In evaluating a claimant's educational level, the Commissioner considers:

> (5) Inability to communicate in English. Since the ability to speak, read and understand English is generally learned or increased at school, we may consider this an educational factor. Because English is the dominant language of the country, it may be difficult for someone who doesn't speak and understand English to do a job, regardless of the amount of education the person may have in another language. Therefore, we consider a person's ability to communicate in English when we evaluate what work, if any, he or she can do.

20 C.F.R. § 404.1564(b)(5). Here, the ALJ acknowledged that Plaintiff was unable to communicate in English and was considered illiterate, and Plaintiff utilized an interpreter at the hearing (Tr. 40, 46, 53). The VE was present during the hearing and heard Plaintiff's testimony (Tr. 46, 64). The ALJ expressly asked the VE to consider a hypothetical individual with Plaintiff's age, *education,* and work experience (Tr. 66). And, the VE explicitly stated that he reduced the number of available jobs to account for Plaintiff's lack of "command of the English language" (Tr. 66-67). Consequently, any

contention that Plaintiff's inability to fully communicate in English was not fully considered at step five is unfounded. See Davila v. Colvin, No. 8:12-CV-2334-T-TGW, 2014 WL 495525, at *12 (M.D. Fla. Feb. 5, 2014) ("since the ability to communicate in English is an "education" factor, by directing the vocational expert to assume a person of the plaintiff's education, the law judge adequately advised the vocational expert to consider job opportunities for an individual with limited proficiency in English.")

As for Plaintiff's contention that there is "no way of knowing that there are jobs in significant numbers the claimant could perform" due to the failure to specify the exact amount of reduction due to this factor, the three positions identified by the VE are unskilled jobs that do not require English language proficiency. Title 20 C.F.R. Pt. 404, Subpart P, App. 2, § 202.00(g) explains:

> (g) While illiteracy or the inability to communicate in English may significantly limit an individual's vocational scope, the primary work functions in the bulk of unskilled work relate to working with things (rather than with data or people) and in these work functions at the unskilled level, literacy or ability to communicate in English has the least significance. Similarly, the lack of relevant work experience would have little significance since the bulk of unskilled jobs require no qualifying work experience. The capability for light work, which includes the ability to do sedentary work, represents the capability for substantial numbers of such jobs. This, in turn, represents substantial vocational scope for younger individuals (age 18-49) even if illiterate or unable to communicate in English.

See also Davila, No. 8:12-CV-2334-T-TGW, 2014 WL 495525, at *13; Rodriguez v. Comm'r of Soc. Sec., No. 2:15-CV-585-FTM-CM, 2017 WL 511226, at *4 (M.D. Fla. Feb. 8, 2017) ("Plaintiff's illiteracy or limited ability to speak English does not significantly affect the availability of unskilled light work."). Lastly, Plaintiff's counsel did not question the VE at the hearing regarding the extent to which the job numbers would be eroded due to

Plaintiff's lack of proficiency in English, despite ample opportunity to do so (Tr. 68). On this showing, reversal is not warranted.

### Credibility

Plaintiff's other contention is that the ALJ erred in finding that his testimony was "'not entirely consistent' when the record clearly reveals that Plaintiff suffered from documented impairments causing significant limitations." (Doc. 18 at 14). A claimant may establish that she has a disability through her own testimony regarding pain or other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). In order to do so, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. Id. When an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Id., see also Jones v. Department of Health and Human Services, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Foote, 67 F.3d at 1562.

Here, the ALJ applied the pain standard and determined "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. 33). Plaintiff claims that this is simply "boiler plate" language and asserts that the ALJ "in the instant case does not offer any specific reasons for

undermining the claimant's testimony, and offers no specific reasons supporting his credibility determination." (Doc. 18 at 15). This contention does not withstand scrutiny. In support of his general finding as to credibility, the ALJ made *numerous* specific findings deemed to be inconsistent with disabling limitations and explained his conclusions in great detail (Tr. 37-38).[4] All of these findings are supported by substantial evidence identified by the ALJ. Consequently, Plaintiff's contention that the ALJ failed to articulate a basis for the credibility finding and that the finding is unsupported are without merit.

## Recommendation

As the Commissioner's administrative decision comports with proper legal standards and is supported by substantial evidence, I respectfully recommend that it be **AFFIRMED**, and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

---

[4] Among the many findings the ALJ made: "the medical evidence shows [Plaintiff] has not generally received the type of medical treatment one would expect for a totally disabled individual;" the treatment has been essentially routine or conservative; "claimant has not required recurrent inpatient hospitalizations, recurrent emergency room visits, surgeries, or prolonged physical therapy;" "test results showed the elimination of most obstructive events and snoring with the application of CPAP;" Dr. Vu found his condition was mild; treatment notes showed lungs were clear to auscultation without wheezing; and his GERD was "controlled on medication" (Tr. 37). "As for his legs and back problem, an MRI of the lumbar spine from January 18, 2014, demonstrated mild degenerative changes without acute fracture, mass, or significant bulge/disk herniation (Exhibit 5F)" and his gait was normal (Tr. 38). Despite allegations of anxiety, medical evidence showed no history of mental health treatment and mental status examination has been normal on all examinations by his treating physician (Tr. 38). The ALJ also observed that Plaintiff did not follow up on recommendations from his doctor and detailed Plaintiff's daily activities and found that they are not as limited to the extent one would expect (Tr. 38).

finding or legal conclusion the district judge adopts from the Report and

Recommendation. <u>See</u> 11th Cir. R. 3-1.

      **RESPECTFULLY RECOMMENDED** in Orlando, Florida on February 27, 2018.

                                              THOMAS B. SMITH
                                              United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Counsel of Record